IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATHERINE E., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| THE HSBC – NORTH AMERICA (U.S.) ) | |
| RETIREE HEALTH PLAN and ) | |
| HEALTH CARE SERVICE ) | |
| CORPORATION, d/b/a ) | |
| BLUE CROSS BLUE SHIELD OF ) | |
| ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Now comes the Plaintiff, CATHERINE E. ("Plaintiff"), by her attorneys, MARK D. DEBOFSKY, MARIE E. CASCIARI, and DEBOFSKY & ASSOCIATES, P.C., and complaining against the Defendants, THE HSBC – NORTH AMERICA (U.S.) RETIREE HEALTH PLAN ("Plan") and HEALTH CARE SERVICE CORPORATION, d/b/a BLUE CROSS BLUE SHIELD OF ILLINOIS ("BCBS IL") (collectively "Defendants"), states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"), and in particular, ERISA §§ 502(e)(1) and (f) (29 U.S.C. §§ 1132(e)(1) and (f)). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan, which, in this case, involves a group health plan funded by HSBC North America Holdings, Incorporated ("HSBC") and administered by BCBS IL for the benefit of retired HSBC employees and their dependents.

This action may also be brought before the district court pursuant to 28 U.S.C. § 1331, which provides subject matter jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at ERISA § 503 (29 U.S.C. § 1133), a mechanism for internal appeals of denied benefit claims. Those avenues of appeal have been exhausted.

3. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) and 28 U.S.C. § 1391.

## NATURE OF ACTION

4. This case seeks payment of health benefits due under the Plan, "The HSBC – North America (U.S.) Retiree Health Plan," group number 778976 (and a true and correct copy of the summary plan description for the Plan is attached hereto and by that reference incorporated herein as Exhibit "A"). The Plan is sponsored and funded by HSBC, and administered by BCBS IL, to provide health benefits to retired HSBC employees and their dependents. This action is brought as a claim for benefits under ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Plaintiff also seeks attorneys' fees under ERISA § 502(g) (29 U.S.C. § 1132(g)).

## PARTIES

5. At all times relevant hereto, Plaintiff, who is currently age 20, is and was a resident of Winnetka, Illinois in Cook County, Illinois; and the events, transactions, and occurrences relevant to her claim for health benefits took place within the Northern District of Illinois, Eastern Division.

6. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)); and incident to Plaintiff's mother's retirement status with HSBC and Plaintiff's status as her mother's dependent, Plaintiff received

dependent health coverage under the Plan as a "beneficiary" as defined by ERISA § 3(8) (29 U.S.C. § 1002(8)). This claim relates to health benefits under the Plan.

7. At all times relevant hereto, BCBS IL was the administrator of the Plan, was a corporation with its principal place of business in the State of Illinois, and was doing business within the Northern District of Illinois, Eastern Division.

## RELEVANT PLAN PROVISIONS

8. The Plan provides for mental health treatment coverage at the rate of 85% for in-network providers and 65% for out-of-network providers. The other provisions of the Plan relevant to Plaintiff's claim for health benefits provide as follows:

> **Mental Illness and Substance Abuse Treatment**
>
> **Covered expenses**
> BCBS's Mental Health Unit manages benefits for Mental Illness and substance abuse treatment. BCBS's providers offer support and treatment for issues such as depression, anxiety, and alcohol or drug dependency. The benefit provides all levels of care including inpatient, residential, acute rehab, day treatment, medication management, and individual and group therapy.
>
> **Outpatient Mental Illness treatment**
> Outpatient treatment benefits cover visits with an in-network and out-of-network providers on an outpatient basis.
>
> *You must call BCBS for approval at least 1 day prior to the outpatient treatment, or benefits will be reduced [].*
>
> **Inpatient Mental Illness treatment**
> Inpatient Mental Illness treatment covers Medically Necessary Hospital room and board, services and supplies, and Physician visits during approved inpatient hospitalization.
>
> *You must call BCBS for approval of an inpatient hospitalization or benefits will be reduced []:*
>
> - At least one day before a non-Emergency inpatient admission
> - At least two business days after an Emergency inpatient admission

**Outpatient substance abuse treatment**
Outpatient treatment benefits cover visits with a provider on an outpatient basis for detoxification and rehabilitation.

**Covered expenses**
*You must call BCBS for approval at least 1 day prior to the outpatient treatment, or benefits will be reduced [].*

**Inpatient substance abuse treatment**
Inpatient substance treatment covers Medically Necessary Hospital room and board, services and supplies, and Physician visits during approved inpatient hospitalization.

*You must call BCBS for approval of an inpatient hospitalization, or benefits will be reduced []:*

- At least one day before a non-Emergency inpatient admission
- At least two business days after an Emergency inpatient admission

**Covered Mental Illness and substance abuse charges**
Covered charges include, but are not limited to:

- Assessment
- Diagnosis
- Treatment planning
- Medication management
- Psychotherapy
- Services of a Psychologist; counselor (including a licensed marriage and family counselor), clinical Social Worker, clinical nurse practitioner, or psychiatrist for mental or nervous disorder treatment and psychotherapy (providers must have appropriate licensing for the treatment provided)
- Treatment center services, including room and board, and other services and supplies
- Psychological testing

(Exhibit A at pp. 17-18).

## STATEMENT OF FACTS

9. Plaintiff has been diagnosed with eating disorders, bipolar disorder, depression, and anxiety, amongst other conditions, which are all mental health conditions encompassed within the Diagnostic Statistical Manual of Mental Disorders (5th ed. 2013) ("DSM-V"), and are

defined as severe mental illnesses under federal law, specifically the Federal Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA").

10. As a result of her mental health conditions, Plaintiff underwent extensive mental health treatment between October 2013 and October 2014.

11. More specifically, from approximately October 16, 2013 to November 15, 2013, Plaintiff was admitted to Compass Behavioral Health Center, an in-network provider in Northbrook, Illinois, for partial hospitalization and treatment of her mental health conditions. During the pre-certification phase (request number 13288AACM9), BCBS IL approved coverage for some of Plaintiff's treatment, but denied coverage from November 11, 2013 to November 15, 2013 for reasons that were unsupported by and inconsistent with the Plan's terms.

12. Plaintiff appealed BCBS IL's decision, but BCBS IL refused to reverse its prior decision. As a result, Plaintiff incurred the total cost of her partial hospitalization and treatment at Compass Behavioral Health Center from November 11, 2013 to November 15, 2013 of approximately $471.00.

13. From approximately February 27, 2014 to March 26, 2014, Plaintiff was once again admitted to Compass Behavioral Health Center for partial hospitalization and treatment of her mental health conditions. During the pre-certification phase (request number 14058AAAYT), BCBS IL approved coverage for some of Plaintiff's treatment, but denied coverage for March 19, 2014 and from March 24, 2014 to March 26, 2014 for reasons that were unsupported by and inconsistent with the Plan's terms.

14. Plaintiff appealed BCBS IL's decision, but BCBS IL refused to reverse its prior decision. As a result, Plaintiff incurred the total cost of her partial hospitalization and treatment

at Compass Behavioral Health Center for March 19, 2014 and from March 24, 2014 to March 26, 2014 of approximately $1,834.00.

15. Shortly thereafter, from approximately April 14, 2014 to May 1, 2014, Plaintiff was admitted to Skyland Trail, an in-network provider in Atlanta, Georgia, for inpatient hospitalization and treatment of her mental health conditions. During the pre-certification phase (request number 14104AAAWX), BCBS IL approved coverage for some of Plaintiff's treatment, but denied coverage from April 25, 2014 to May 1, 2014 for reasons that were unsupported by and inconsistent with the Plan's terms.

16. Plaintiff appealed BCBS IL's decision, but BCBS IL refused to reverse its prior decision. As a result, Plaintiff incurred the total cost of her inpatient hospitalization and treatment at Skyland Trail from April 25, 2014 to May 1, 2014 of approximately $51,100.00.

17. Plaintiff was then admitted to Emory Adventist Hospital, an in-network provider in Smyrna, Georgia that is now closed, from approximately July 8, 2014 to August 1, 2014 for both inpatient/partial hospitalization and treatment of her mental health conditions. During the pre-certification phase (request number 14189AAEJ2), BCBS IL approved coverage for some of Plaintiff's treatment, but denied coverage for her inpatient hospitalization from July 12, 2014 to July 16, 2014. During another pre-certification request for the same hospitalization (request number 14198AACJS), BCBS IL again approved coverage for only some of Plaintiff's treatment, but denied coverage for her partial hospitalization from July 30, 2014 to August 1, 2014 for reasons that were unsupported by and inconsistent with the Plan's terms.

18. Plaintiff appealed BCBS IL's determinations, but BCBS IL refused to reverse its prior decision. As a result, Plaintiff incurred the total cost of her inpatient hospitalization and treatment at Emory Adventist Hospital from July 12, 2014 to July 16, 2014, as well as the total

6

cost of her partial hospitalization and treatment at Emory Adventist Hospital from July 30, 2014 to August 1, 2014 of approximately $6,960.00.

19.   Plaintiff returned to Skyland Trails from approximately August 22, 2014 to September 4, 2014, and was once again admitted for partial hospitalization and treatment of her mental health conditions.  During the pre-certification phase (request number 14237AABCV), BCBS IL denied coverage for Plaintiff's entire treatment period from August 22, 2014 to September 4, 2014 for reasons that were unsupported by and inconsistent with the Plan's terms.

20.   Plaintiff appealed BCBS IL's decision, but BCBS IL refused to reverse its prior decision.  As a result, Plaintiff incurred the total cost of her partial hospitalization and treatment at Skyland Trails from August 22, 2014 to September 4, 2014 of approximately $12,600.00.

21.   Plaintiff believes there may have been other times between October 2013 and October 2014 in which she underwent outpatient, partial, and/or inpatient mental health treatment that was unjustifiably denied by BCBS IL and for which she incurred the total cost of treatment.  Despite repeated attempts to obtain all the documentation relevant to Plaintiff's health claims during that time frame from BCBS IL pursuant to 29 C.F.R. § 2560.503-1(h) and (i), Plaintiff believes she was not provided with all the relevant documentation and/or correspondence.  As a result, Plaintiff cannot specifically identify the other treatment periods and pre-certification request numbers for which she may have incurred the total cost of treatment between October 2013 and October 2014, but in the event there were other charges incurred that were not reimbursed in accordance with the Plan's terms, she now seeks payment of those health benefits as well.

22. All required pre-litigation appeals seeking the payment of health benefits between October 2013 and October 2014 have now been exhausted. Therefore, this matter is ripe for judicial review.

23. Contrary to the reasons asserted by BCBS IL, the services at issue were all medically necessary and fell within the terms and conditions of Plaintiff's coverage under the Plan, thus entitling Plaintiff and her family to reimbursement for all of the mental health treatment Plaintiff received between October 2013 and October 2014. Because of BCBS IL's refusal to approve the services incurred, Plaintiff and her family incurred unreimbursed expenses in the amount of approximately $72,965.00 that should have been reimbursed by the Plan. As a direct and proximate result thereof, Plaintiff states a claim for benefits due under the terms of an employee welfare benefit plan and is entitled to recover all the expenses incurred thereunder that were not reimbursed.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendants, and that the Court order Defendants to pay all past due health benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled;

B. That the Court order Defendants to pay Plaintiff prejudgment interest on all past due health benefits that have accrued prior to the date of judgment;

C. That the Court award Plaintiff attorneys' fees pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)); and

D. That the Court award Plaintiff any and all other penalties, damages, and equitable relief to which she may be entitled, as well as her costs of suit.

Dated: July 24, 2015                    Respectfully submitted,

                                        /s/ Mark D. DeBofsky
                                        _____
                                        Mark D. DeBofsky
                                        One of the Attorneys for Plaintiff
                                        Catherine E.

Mark D. DeBofsky
Marie E. Casciari
DeBofsky & Associates, P.C.
200 West Madison Street, Suite 2670
Chicago, Illinois 60606
Voice: (312) 561-4040
Fax: (312) 929-0309
Email: mdebofsky@debofsky.com
Email: mcasciari@debofsky.com